ALAN E. FERGUSON, ESQ.
CA State Bar No. 103677
The Law Office of Alan Ferguson
3200 Fourth Avenue, Ste. 207
San Diego, CA 92103-5716
Telephone: (619) 299-4999

Attorney for Material Witness

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Louisa S. Porter)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No.    08cr0209-IEG |
| Plaintiff, ) | POINTS AND AUTHORITIES IN SUPPORT OF MATERIAL WITNESS |
| vs. ) | MOTION FOR VIDEOTAPE DEPOSITION AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY |
| George Luis Quiroz-Cota, et al., ) | |
| Defendant. ) | HRG DATE:  02/19/2008 |
| _____ ) | TIME:        2:00 p.m. |
| | CRTRM:     H, 1st Floor |
| | JUDGE:      Louisa S. Porter |

TO   UNITED STATES ATTORNEY KAREN P. HEWITT, ASSISTANT UNITED STATES ATTORNEY DOUGLAS KEEHN; TO MARC BRUCE GELLER, ATTORNEY FOR DEFENDANT, GEORGE LUIS QUIROZ-COTA; AND TO STEVEN HUBACHEK, ATTORNEY FOR DEFENDANT, JOSE LUIS AGUILAR-ZAMORA:

The Material Witness, Abel Camargo-Tapia, (hereafter "Material Witness") by and through his counsel, Alan E. Ferguson, submits the following Memorandum of Points and Authorities in support of his motion to take the videotaped deposition.

I.

INTRODUCTION

On or about January 9, 2008, the Material Witness was detained by U.S. Border Patrol Agents in connection with the arrest of the above captioned Defendants. The defendants' have been

charged with bringing in illegal aliens for financial gain, aiding and abetting, and transportation of illegal aliens in violation of Title 8 U.S.C. §1324(a)(2)(B)(ii), 18 U.S.C. §2, and 8 U.S.C. §1324(a)(1)(A)(ii); and therefore the Material Witness has been detained as a Material Witness under 8 U.S.C. § 1227 (d).

The Material Witness is currently being held in U.S. Marshall custody in San Diego, California. After repeated efforts to secure a surety for this material witness, it has been determined that no possible surety is either willing, or able to post a bond for him to allow for his release from custody during the pendency of this case.

It is unnecessary to keep the Material Witness in the United States because his testimony can be preserved through the use of a videotaped deposition. The Material Witness therefore requests a court order that his testimony be preserved through the use of videotape depositions and, thereafter, that he be allowed to return to his family in Mexico.

## II.

### DEPOSITION IS MANDATED BY STATUTE

A.    *18 USC. § 3144*

Congress specifically enacted a statute to deal with the issue presented in this case, i.e., material witnesses who remain incarcerated owing solely to their inability to secure bond. In unmistakably plain language, Congress outlawed prolonged incarceration of such persons without substantial justification. "No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can be secured by deposition, and if further detention is not necessary to prevent a failure of justice." 18 U.S.C. § 3144. "Upon such a showing, the district court must order [the witness'] deposition and prompt release." *Torres-Ruiz v. United States District Court for the Southern District of California,* 120 F.3d 933, 935 (9th Cir. 1997) (emphasis in original).

B.    *Federal Rule of Criminal Procedure 15*

A material witness also may secure his or her own release by filing a written motion in the district court requesting a deposition and release. Fed. R. Crim. P. 15(a). Under such circumstances, "[i]f the deposition would prove admissible over any objection under the Confrontation Clause of

the United States Constitution or the Federal Rules of Evidence, then the material [witness] **must**

be deposed rather than detained." **Aguilar-Ayala v. Ruiz,** 973 F.2d 411, 413 (5th Cir. 1992)

(emphasis added).

> Whenever due to exceptional circumstances of the case it is in the interests of justice that the testimony of a prospective witness of a party be taken and served for use at trial, the court may upon motion of such party and notice to parties order that the testimony of such witness be taken by deposition .... "If a witness is detained pursuant to section 3144 of title 18, United States Code, the court on written motion of the witness and upon notice to the parties may direct that the witness' deposition be taken.  After the deposition has been subscribed the court may discharge the witness." **Aguilar-Ayala,** 973 F.2d at 413 (quoting Fed. R. Crim. P. 15(a)).

Prolonged incarceration of the witnesses solely because of their inability to secure bond thus

violates the clearly stated intent of Congress and straightforward rulings by the Court of Appeals

prohibiting such practices. "[I]t is clear from a conjunctive reading [of Rule 15(a)] with § 3144 that

the discretion to deny the motion is limited to those instance in which the deposition would not serve

as an adequate substitute for the witness' live testimony: that a failure of justice would ensue were

the witness released.  Absent a failure of justice, the witness must be released." **Torres-Ruiz,** 120

F.3d 933, 935 (**citing Aguilar-Ayala**, 973 F.2d at 413 (internal citations and internal quotations

omitted); see also **United States v. Rivera**, 859 F.2d 1204 (4th Cir. 1988).

C.    ***Defendant Has Not Met Her Burden to Defeat the Motion for Video Deposition***

To defeat a motion for video deposition of the material witness,  the burden is on the

opposing party to show admission of deposition testimony will result in a "failure of justice."  18

U.S.C. § 3144; **Torres-Ruiz,** 120 F.3d 933, 935. To meet this burden, defendant must make a

plausible showing the witness' testimony would be both **material and favorable to his defense.  See**

**United States v. Valenzuela-Bernal**, 458 U.S. 858, 866 (9182).

In **Valenzuela-Bernal**, the defendant was charged with transporting an illegal alien.  The

government detained the illegal alien as a material witness (Witness No. 1) but deported two' other

witnesses (Witnesses Nos. 2 and 3)(also illegal aliens) **before** defendant was able to  interview them.

Defendant appealed, claiming deportation of Witnesses Nos. 2 and 3 deprived  him of the

opportunity to determine whether their testimony would aid his defense. According to the Supreme

Court, even though defendant knew what Witnesses 2 and 3 might have said to him to indicate

whether Witness No. 1 had legal status to be present in this country, defendant failed to show how the deported witnesses' testimony would have been helpful to his defense. ***Valenzuela-Bernal***, 458 U.S. at 873.

> [I]t should be remembered that [defendant] was present throughout the commission of this crime. No one knows better than he what the deported witnesses actually said to him, or in his presence, that might bear upon whether he knew that [Witness No. 1] was an illegal alien who had entered the country within the past three years. And, in light of the actual charge made in the indictment, it was only the status of [Witness No. 1] which was relevant to the defense. [Witness No. 1], of course, remained fully available for examination by the defendant and his attorney. We thus conclude that the [defendant] can establish no Sixth Amendment violation without making some plausible explanation of the assistance he would have received from the testimony of the deported witnesses. ***Valenzuela-Bernal,*** 458 U.S. at 871.

The Supreme Court's reasoning applies with even greater force in this case. In ***Valenzuela-Bernal***, the witnesses were deported before defendant had the opportunity to interview them. Here, defendants have the opportunity to interview the material witness while he is incarcerated, and the opportunity is extended to the defense. As of this date, defendants have produced no evidence, nor have they made any showing the material witness has material information helpful to their defense. In short, defendants has made no showing of a failure of justice. Consequently, the material witness must be deposed and released.

## II.

## EXCEPTIONAL CIRCUMSTANCES

## MANDATE DEPOSITION AND RELEASE

As a prerequisite to an order for a deposition, the court must find exceptional circumstances where the interests of justice require taking and preserving the testimony of a prospective witness for possible use at trial. Fed. R. Crim. P. 15(a). Such a finding is clear and distinct from the prerequisites of witness unavailability and material testimony that control the admission of a deposition into evidence at trial. See ***United States v. Sines***, 761 F.2d 1434, 1439 (9th Cir. 1985). As shown herein, this witness has met his burden to show exceptional circumstances sufficient to merit grant of his motion for deposition and release.

A.   ***Prolonged Incarceration Is An Exceptional Circumstance***

In a case originating in the Southern District of California, the Ninth Circuit issued a writ of

1   mandamus ordering video depositions for material witnesses who were unable to secure bond "in

2   a straightforward and uncomplicated alien smuggling prosecution." Torres-Ruiz, 120 F. 3d 933, 935.

3   In another case where the material witnesses had been in custody for a mere *three weeks,* the Fourth

4   Circuit held continued incarceration with no prospective surety available to post bond was an

5   exceptional circumstance justifying deposition and release of the material witnesses. ***United States***

6   ***v. Rivera,*** 859 F.2d 1204, 1205 (4th Cir. 1988).  As the Rivera Court observed, "humanitarian

7   considerations alone demand that something be done to release [the material witnesses] from

8   incarceration, when their only purpose for being incarcerated is to be witnesses. ***And whether they***

9   ***voluntarily flee after their depositions have been taken or whether the INS deports them back to***

10  ***their countries of origin is beside the point."  Rivera,*** 859 F.2d 1205 (emphasis added).

11          The circumstances in this case are similar to ***Torres-Ruiz*** and ***Rivera,*** as the witness

12  continues to be held for no purpose other than to be a witness.  Because a deposition serves as an

13  adequate alternative to his continued incarceration, this witness has "an overriding liberty interest

14  in not being detained as a material witness when the deposition procedure serves as an adequate

15  alternative to prolonged detention." ***Aguilar-Ayala v. Ruiz,*** 973 F.2d 411, 419-420 (5th Cir. 1992).

16  Under the standards articulated by the Court of Appeals, prolonged incarceration of a witness merely

17  because of the  inability to secure bond is an exceptional circumstance that mandates an immediate

18  deposition and release.

19                                                  **III.**

20                          **Deposition Preserves Defendants' Rights**

21  A.       ***Deposition Preserves Defendants' Sixth Amendment Right to Confrontation***

22          Under ideal circumstances, the material witness would be deposed and released and would

23  subsequently return for defendants' trial.  The Office of the United States Attorney in fact employs

24  well-established procedures whose goal is to ensure just such a result.  Prior to release, the

25  government is required to serve the material witness with a subpoena for the trial date and a travel

26  fund advance letter.  Thus, under ideal circumstances, the material witness would return for trial and

27  questions about preserving defendants' rights to confront and cross-examine the material witness

28  would be moot.

1    Even if the material witness does not return for trial, however, the material witness deposition

2  will be admissible in lieu of live testimony.  See *United States v. Rivera*, 859 F.2d 1204, 1205 (4th

3  Cir. 1988).  Admission of prior-recorded testimony by a witness who is unavailable for trial has in

4  fact been upheld for more than a century.  In 1895, the Supreme Court held admission of testimony

5  given at a defendant's first trial by a witness who died before the second trial did not violate the

6  confrontation clause.  *Mattox v. United States*, 156 U.S. 237 (1895).  Since that time, courts have

7  consistently upheld the principle that prior-recorded testimony later admitted at trial does not violate

8  a defendant's Sixth Amendment confrontation rights so long as: (1) there is some exceptional

9  circumstance where, in the interests of justice, it is necessary to take and preserve testimony outside

10  the court;  (2) the prior testimony was given at a hearing;  (3) an authorized person put the witness

11  under oath;  (4) defendant had the right to be present;  (5) defendant was represented by counsel who

12  was given a complete and adequate opportunity to cross-examine the witness; and (6) the witness

13  meets the criteria for unavailability.  See 18 U.S.C. § 3503; Fed. R. Civ. Proc., Rules 28 and 30; Fed.

14  R. Evid. 804(a); see also *California v. Green*, 399 US. 149, 163-164 (1970);  *Torres-Ruiz v. United*

15  *States District Court for the Southern District of California*, 120 F.3d 933 (9th Cir. 1997);

16  *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir. 1992);  *United States v. King*, 552 F.2d 833,

17  841-843 (9th Cir. 1976).

18    As shown above, this case presents exceptional circumstances where the interests of justice

19  mandate taking and preserving the material witness' testimony outside the court, i.e., by video

20  deposition.  Defendants' rights under the confrontation clause are preserved by the statutory

21  requirements for a deposition, including the presence of a person authorized to put the witness under

22  oath, defendants' rights to be present, defendants' rights to be represented by counsel, and defendants'

23  rights to completely and adequately cross-examine the witness.  See Fed.R.Civ.P. 28 and 30.

24  Moreover, these procedural requirements provide sufficient indicia of reliability to afford the trier

25  of fact a satisfactory basis for evaluating the truth of the prior statement, further protecting

26  defendant's rights under the confrontation clause. See *Dutton v. Evans*, 400 U.S. 74, 89 (1970);

27  *California v. Green*, 399 U.S. 149, 161 (1970).

28    Finally, if the material witness fails to return for trial the deposition would be admissible, as

the material witness would meet the requirements for unavailability. In the context of this case, an unavailable witness is one who is out of the United States, providing the absence of the witness was not procured by the party offering the deposition, or a witness whose attendance cannot be procured by subpoena 18 U.S.C. § 3503, subd. (f); see also Fed, R. Crim. Proc., Rule 15; Fed. R. Evid. 804(a). Where a material witness has left the United States voluntarily or even, by forced deportation, the witness' later absence from trial does not violate defendant's rights under the confrontation clause provided the government makes a reasonable effort to assure the witness' attendance at trial. *Aguilar-Ayala v. Ruiz,* 973 F.2d at 417 (citing *United States V. Eufracio-Torres,* 890 F.2d 266, 270 (10th Cir. 1989); see also *United States v. Rivera,* 859 F.2d at 1205.

Before the material witnesses in *Eufracio-Torres* were forcibly deported, the government, using procedures similar to those presently employed in the Southern District of California, "served them with trial subpoenas, instructed them on how to return for trial and how to obtain the necessary travel funds." *Eufracio-Torres,* 890 F.2d at 270. Although the witnesses did not appear for trial, the Court of Appeals held their deposition testimony was admissible under such circumstances. Where "the government has exhausted reasonable effort to assure that the witness will attend trial . . . . So long as the government has employed reasonable measures to secure the witness' presence at trial, the fact that the witness has nevertheless failed to appear will not preclude the admission of deposition testimony. Such a witness will be deemed 'unavailable' and the deposition is admissible over the defendant's Confrontation Clause and hearsay objections." *Aguilar-Ayala,* 973 F.2d at 417 (quoting *Ohio v. Roberts*, 448 U.S. 56, 65 (1980)); see also Fed, R. Evid, 804(a).

Thus, even if the United States Attorney's reasonable and well-established procedures fail to obtain the material witness' attendance at trial, statutory procedures for the taking of deposition preserve defendant's Sixth Amendment confrontation rights, and would be admissible at trial.

B.    ***Deposition Preserves Defendants' Sixth Amendment Right to Compulsory Process***

"The only recent decision of this Court dealing with the right to compulsory process guaranteed by the Sixth Amendment suggests that more than mere absence of testimony is necessary to establish a violation of the right." *United States v. Valenzuela-Bernal,* 458 U.S. 858, 867 (1982) (witnesses deported ***before*** defendant interviewed them). Indeed, the Sixth Amendment does not

1   by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and

2   all witnesses; rather "it guarantees him 'compulsory process for obtaining witnesses *in his favor*."

3   Id., quoting U.S. Const., Amdt. 6 (emphasis added).  Defendant cannot establish a violation of his

4   constitutional right to compulsory process merely by showing deportation of the witness deprived

5   him of his testimony.  See *Valenzuela-Bernal*, 458 U.S. at 867, "[He] must at least make some

6   plausible showing of how his testimony would have been both *material and favorable* to [his]

7   defense."  Id. (emphasis added); see also Fed. R. Crim. Proc., Rule 17(b) (requiring Government to

8   subpoena witnesses on behalf of indigent defendants "upon a satisfactory showing . . . that the

9   presence of the witness is necessary to an adequate defense.").

10          In this case, the material witness has been in custody since January 9, 2008.  Since his arrest,

11  the material witness has been available for interview by the defense and the Assistant United States

12  Attorney, who have had the opportunity to ascertain the substance of any testimony the material

13  witness might provide at trial.  Because material witness testimony can be adequately preserved by

14  video deposition and they are subject to the subpoena power of this court, further detention is not

15  necessary to prevent a failure of justice.

16          Moreover, a guarantee from the government that the material witness will return for trial is

17  not a prerequisite for an order for video deposition.  The government is required only to use

18  reasonable means to insure the appearance of the material witness.  See *Aguilar-Ayala v. Ruiz*, 973

19  F.2d 411, 417 (citing *United States v. Eufracio-Torres*, 890 F.2d 266, 270 (10th Cir. 1989). "We

20  gather from these cases that deposition testimony is admissible only if the government has exhausted

21  reasonable efforts to assure that the witness will attend trial.  The ultimate success or failure of those

22  efforts is not dispositive.  So long as the government has employed reasonable measures to secure

23  the witness' presence at trial, the fact that the witness has nevertheless failed to appear will not

24  preclude the admission of deposition testimony.  Such a witness will be, deemed 'unavailable.'"

25  *Aguilar-Ayala* at 417-418 (citing *Ohio v. Roberts*, 488 U.S. 56, 65, (1980)).  Because material

26  witness testimony can be adequately preserved by video deposition and she is subject to the

27  subpoena power of this court, defendants' rights to compulsory process are protected and the court

28  must order the deposition and release of the material witness.

1  C.    ***Deposition Preserves Defendants' Fifth Amendment Right to Due Process***

2         "Due process guarantees that. a criminal defendant will be treated with that fundamental

3  fairness essential to the very concept of justice.  In order to declare a denial of it we must find that

4  the absence of that fairness fatally infected the trial;  the acts complained of must be of such quality

5  as necessarily prevents a fair trial."  ***Valenzuela-Bernal***, 488 U.S. at 871, quoting ***Lisenba v.***

6  ***California***, 314 U.S. 219, 236 (1941).  In another context, the Court held that instances where the

7  government withholds evidence required by statute to be disclosed constitute due process violations

8  only  when they "so infect the fairness of the trial as to make it 'more a spectacle or trial by ordeal

9  than disciplined contest." ***Valenzuela-Bernal*** at 871, quoting ***United States v. Augenblick***, 393 U.S.

10  349, 356 (1969) (citations omitted).   For there to be a due process violation by release of the

11  material witness in this case, defendant must provide "some explanation of how his/her  testimony

12  would have been favorable and material." Id.

13                                         <u>CONCLUSION</u>

14         Based on the discussion above,  witness Abel Camargo-Tapia, respectfully moves the Court

15  for an order requiring his video deposition be taken as soon as possible, and for his immediate

16  release from custody upon conclusion of the deposition.

17

18

19  Dated: February 1, 2008                    By:    <u>/ S / *Alan E. Ferguson*</u>

20                                                    ALAN E. FERGUSON
                                                      Attorney for the Material Witness

21

22

23

24

25

26

27

28