```
1  KAREN P. HEWITT
   United States Attorney
2  JOSEPH J.M. ORABONA
   Assistant United States Attorney
3  California State Bar No. 223317
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California 92101
   Telephone: (619) 557-7736
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA
8
```

FILED
FEB 1 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Magistrate Case No. 08CR0209-IEG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **STIPULATION OF FACT AND JOINT** |
| v. | ) | **MOTION FOR RELEASE OF** |
| | ) | **MATERIAL WITNESS(ES) AND** |
| JOSE LUIS AGUILAR-ZAMORA (2), | ) | **ORDER THEREON** |
| | ) | |
| Defendant. | ) | |
| | ) | (Fast-Track Program) |

**IT IS HEREBY STIPULATED AND AGREED** between the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, and defendant JOSE LUIS AGUILAR-ZAMORA, by and through and with the advice and consent of defense counsel, Sara M. Peloquin, Federal Defenders of San Diego, Inc., that:

    1.    Defendant agrees to execute this stipulation on or before the first preliminary hearing date and to participate in a full and complete inquiry by the Court into whether defendant knowingly, intelligently and voluntarily entered into it. Defendant agrees further to waive indictment and plead guilty to the pre-indictment information charging defendant with a non-mandatory minimum count of Transportation of Aliens and Aiding and Abetting, in violation of 8 U.S.C. §1324(a)(1)(A)(ii) and (v)(II).

//

JJO:2/13/08

2. Defendant acknowledges receipt of a plea agreement in this case and agrees to provide the signed, original plea agreement to the Government not later than five business days before the disposition date set by the Court.

3. Defendant agrees to plead guilty to the charge pursuant to the plea agreement on or before **February 19, 2008**.

4. The material witnesses, Abel Camargo-Tapia, Froylan Torres-Hernandez, and Alfredo Torres-Mejorado, in this case:

    a. Are aliens with no lawful right to enter or remain in the United States;

    b. Entered or attempted to enter the United States illegally on or about January 9, 2008;

    c. Were found in a vehicle driven by codefendant, George Luis Quiroz-Cota, in Otay Mesa, California and that defendant knew or acted in reckless disregard of the fact that they were aliens with no lawful right to enter or remain in the United States;

    d. Were paying and/or having others pay on their behalf an unknown amount and $2,100 to others to be brought into the United States illegally and/or transported illegally to their destination therein; and,

    e. May be released and remanded immediately to the Department of Homeland Security for return to their country of origin.

5. Material witness, Abel Camargo-Tapia, identified the defendant as the foot guide, who led the other eight material witnesses from Mexico into the United States on or about January 9, 2008.

6. After the material witnesses are ordered released by the Court pursuant to this stipulation and joint motion, if defendant does not plead guilty to the charge set forth above, for any reason, or thereafter withdraws his guilty plea to that charge, defendant agrees that in any proceeding, including, but not limited to, motion hearings, trial, sentencing, appeal or collateral attack, that:

    a. The stipulated facts set forth in paragraph 4 above shall be admitted as substantive evidence;

b. The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness(es) provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of (an) unavailable witness(es); and,

c. Understanding that under <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant waives the right to confront and cross-examine the material witness(es) in this case.

7. By signing this stipulation and joint motion, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant certifies further that defendant has discussed the terms of this stipulation and joint motion with defense counsel and fully understands its meaning and effect.

Based on the foregoing, the parties jointly move the stipulation into evidence and for the immediate release and remand of the above-named material witness(es) to the Department of Homeland Security for return to their country of origin.

It is STIPULATED AND AGREED this date.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

Dated: 2/19/08

JOSEPH J.M. ORABONA
Assistant United States Attorney

Dated: 2/14/08

SARA M. PELOQUIN
Defense Counsel for AGUILAR-ZAMORA

Dated: 2/14/08

X: Jose Luis Aguilar Zamora
JOSE LUIS AGUILAR-ZAMORA
Defendant

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Jose Luis Aguilar-Zamora (2)      3      08CR0209-IEG

# ORDER

Upon joint application and motion of the parties, and for good cause shown,

**THE STIPULATION** is admitted into evidence, and,

**IT IS ORDERED** that the above-named material witness(es) be released and remanded forthwith to the Department of Homeland Security for return to their country of origin.

**SO ORDERED.**

Dated: 2/19/08

United States Magistrate Judge

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Jose Luis Aguilar-Zamora (2)     4     08CR0209-IEG